## Eynon, Appellant, *v.* Eynon.

*Divorce—Cruel and barbarous treatment—Indignities—Findings of master—Weight—Evidence.*

It is well settled that the findings of a master in divorce are not entitled to the weight of the findings of a chancellor, an auditor or a jury, but that it is the duty of the court of common pleas and of the appellate court to examine the evidence and form an independent judgment as to whether the charges in the libel have been sustained.

While a single act of cruelty may be so severe and with such attending circumstances of atrocity as to justify a divorce, on the ground of cruel and barbarous treatment, evidence that on one occasion the respondent threw a sugar bowl at the libellant and threatened to shoot her, does not justify a decree on that ground.

Nor will libellant's testimony that the respondent called her vile names; that he told her that she was ignorant and that he married her because he was sorry for her; that he accused her of going with

other men; and that he failed to support her, be sufficient to support
a charge of indignities, where there was no substantial corroboration
of her testimony and respondent denied the charges.

Argued May 3, 1926. Appeal No. 41, April T., 1926,
by libellant, from decree of C. P.. Allegheny County,
October T., 1924, No. 297, in the case of M. Florence
Eynon v. Harry L. Eynon. Before PORTER, P. J.,
HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and
CUNNINGHAM, JJ. Affirmed.

Libel in divorce. Before MACFARLAND, J.

The facts are stated in the opinion of the Superior
Court.

The case was referred to Signund Arnold, Esq., as
Master, who recommended that a decree of divorce be
granted. On exceptions to the Master's report the
court sustained the exceptions and dismissed the libel.
Libellant appealed.

*Error assigned,* among others, was the decree of the
court.

*George A. Harrison,* and with him *Walter L. Dipple,*
for appellant.

*Homer N. Young,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1926:

The libel filed in this case charged the respondent
with (1) endangering the wife's life by cruel and bar-
barous treatment, and (2) offering such indignities to
her person as to render her condition intolerable and
life burdensome.

The case was heard by a master, who found that both
of the statutory grounds for divorce had been estab-
lished and recommended a decree. The court below
sustained exceptions filed by the respondent to the re-
port of the master and dismissed the libel on the

ground that neither of the charges were sustained by the evidence. The libellant appeals.

It is apparent that the learned counsel for the appellant has misconceived the effect of the findings of fact by the master. He argues that they should never be disturbed or overruled by the court, except in the case of very grave and apparent error. It is well settled that the findings of a master in divorce are not entitled to the weight of the findings of a chancellor, an auditor or a jury, but that it is the duty of the court of common pleas and of this court to examine the evidence and form an independent judgment as to whether the charges in the libel have been sustained.

We have examined the evidence and agree with the court below. The evidence of cruel and barbarous treatment consisted of the testimony of the libellant that on one occasion the respondent threw a sugar bowl at her and threatened to shoot her. While a single act of cruelty may be so severe and with such attending circumstances of atrocity as to justify a divorce (Krug v. Krug, 22 Pa. Superior Ct. 572; Lynn v. Lynn, 76 Pa. Superior Ct. 428), it is clear that this testimony does not justify a decree on that ground. In support of the charge of indignities to the person, the libellant testified that she married the respondent in 1910 and lived with him until August 1, 1924; that she couldn't complain of the early part of their married life; that beginning in 1915 her husband took her to no place that cost him anything; that he told her she was ignorant and had no education; that he married her because he was sorry for her; that he called her vile names and accused her of going with other men and would not give her enough money to buy clothing; that when she was sick in 1919 he failed to provide a nurse for her and otherwise neglected her. When asked why she left her husband's house on August 1, 1924, she said: "Because I wanted to start in business of some kind, or do some-

thing to live and support myself. The money he gave me didn't support me." There is no substantial corroboration of her testimony that the respondent inflicted any violence upon her or called her vile names, and the respondent denied it. Her charge of failure of the respondent to support her is not supported, except that from December, 1923, to the time she left there is no evidence that he furnished her with cash. During all the time they lived together she was at liberty to purchase goods on respondent's account in two department stores and he gave her $75 a month for household expenses. Her balance in her savings account amounted to $562 in December, 1923. She deposited $164 in November of that year. While it appears there was not harmony or affection between the parties during the last two years they resided together, the condition was largely caused by the libellant's preferring to live with her friends during the construction of a new house and to her conduct when she returned to the respondent. While the conduct of the husband was somewhat blameworthy, we are not convinced that he was guilty of such a course of intolerable treatment upon the libellant as to bring the case within the statute authorizing a divorce for indignities to the person. A marriage should never be dissolved without clear proof of imperious reasons: Forrester v. Forrester, 77 Pa. Superior Ct. 364. Measured by that test the testimony failed.

The decree is affirmed at the cost of the libellant.