Davidsen *v.* Davidsen, Appellant.

Argued March 1, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James Rutherford,* of *Rutherford, Rutherford & Rutherford,* for appellant.

*Lester R. Male,* of *Greene & Male,* for appellee.

OPINION BY CUNNINGHAM, J., April 21, 1937:

The respondent wife in this proceeding for a divorce, upon the grounds of cruel and barbarous treatment and indignities, has appealed from a decree entered in favor of her husband by the court below upon the recommendation of a master. We find ourselves unable properly to perform the duty imposed upon us in a case of this kind. That duty is to examine for our-

selves the testimony and determine therefrom, independently of the findings of a master or of the court below, whether in truth and in fact a legal cause of divorce has been made out: *Nacrelli et al. v. Nacrelli,* 288 Pa. 1, 136 A. 228, in which the decree of this court (87 Pa. Superior Ct. 162) was affirmed. The difficulty is that the testimony was not taken in the form of questions and answers. The libellant was the first witness called and the report of his testimony, as certified in the original record and printed in appellant's paper book, begins: "David Davidsen, called and sworn by the master on his own behalf as libellant, offered the following testimony." Then follows in narrative form the substance of his statements. Both parties were represented before the master by counsel and we, therefore, assume that their examination and the examination of their witnesses was conducted in the usual way. In many instances the real significance of the answer of a party or of a witness depends upon the form of the question. We cannot approve of the method here adopted; it is essential that we have before us as full a report of the testimony as we would have had, if the case had been tried before the court below, as is the practice in a number of counties. Under the circumstances, it will be necessary for us to vacate the decree and return the record to the court below for further proceedings consistent with this opinion.

Examination of the report of the master and of the opinion of the court below indicates the propriety of directing attention to some of the principles which must control the final disposition of the case. The libel was filed under sub-paragraphs (e) and (f) of paragraph 1 of Section 10 of "The Divorce Law" of May 2, 1929, P. L. 1237, 23 PS §1. The statute authorizes the granting of an absolute divorce to the "innocent and injured spouse" whenever it shall be judicially determined that the other spouse "(e)

Shall have, by cruel and barbarous treatment, endangered the life of the injured and innocent spouse." We find nothing on this record, as it now stands, to sustain the conclusion of the master, adopted by the court below, that this ground for divorce has been established. Cruel and barbarous treatment, within the meaning of the statute, implies a merciless and savage disposition leading to conduct amounting to actual personal violence or creating a reasonable apprehension thereof—such a course of treatment as renders further cohabitation dangerous to physical safety: *Sharp v. Sharp,* 106 Pa. Superior Ct. 33, 161 A. 453. If libellant's statements, as reported, be accepted at their face value, none of the incidents related by him measures up to this statutory conception of cruel and barbarous treatment. They will be proper for consideration, however, under the language of paragraph (f), which authorizes a divorce where one of the parties has "offered such indignities to the person" of the other "as to render his or her condition intolerable and life burdensome."

We gather from the narratives before us that the parties were married May 29, 1916, and, with the exception of two comparatively short separations, lived together until September 22, 1934. During this period of eighteen years they had frequent quarrels, usually about the amount of money libellant gave respondent for the maintenance of the family, consisting of themselves and several children. The first incident involving physical violence occurred before the birth of their eldest son. Libellant's statement was that respondent kicked him because he would not take out an insurance policy in her favor. Respondent stated that although she was pregnant at the time libellant knocked her down and injured her to the extent that she was obliged to have medical treatment from a Dr. Shannon. Libellant replied he was merely trying to hold her when she jerked away from him and fell; the doctor was not

called. Libellant's statements were to the effect that there was continual "nagging" on the part of respondent; that she called him names, pulled his hair and on one occasion threw a table knife at him, and immediately before their final separation threw a compass from a set of drawing tools. The only name mentioned by libellant was "tightwad." Libellant also asserted that respondent had reflected upon him in letters written to people for whom he worked. A charge of this kind would seem to be capable of corroboration, but none appears upon the record. Respondent admitted the throwing of the compass; that she was jealous of his attentions to another woman and lost her temper when he refused to tell her where he had been that evening. In general, her contention was that their quarrels had occurred "over money matters"; that libellant frequently called her names and in various ways provoked her into the displays of temper concerning which he now complains.

It has been repeatedly held that, in considering whether a divorce should be granted upon the ground of indignities, the law does not concern itself with isolated occurrences; it contemplates a course of conduct or continued treatment, not single acts separated by long intervals of time: *Esenwein v. Esenwein,* 312 Pa. 77, 167 A. 350, affirming the conclusions of this court as reported in 105 Pa. Superior Ct. 261, 161 A. 425. Moreover, there must be evidence from which an inference of settled hate and estrangement may be deduced. Indignities provoked by the complaining party are not grounds for divorce unless the retaliation is excessive. No general rule can be laid down. Each case necessarily depends upon its particular circumstances, having regard to the position in life, character and disposition of the parties: *Mathias v. Mathias,* 114 Pa. Superior Ct. 444, 174 A. 821; *Esenwein v. Esenwein,* supra. It is a serious question whether the nar-

ratives of the parties, as reported in this case, show anything more than isolated instances, many of them remote in time and followed by reconciliations.

When the testimony in this case has been taken in the proper manner, it will be the duty of the court below to weigh and pass upon it in the first instance, and we merely direct attention to these general principles in order that the evidence may be analyzed in their light.

Decree vacated at the costs of appellee and record remitted with a procedendo.