Opinion by
 

 Kenworthey, J.,
 

 This is au action of divorce brought by the husband on the grounds of cruel and barbarous treatment and indignities. The case was heard by Gardner, J., who entered an order granting the divorce. The wife appealed.
 

 The parties were married in 1917 and finally separated in 1937. There were three children born, whose exact ages were not shown, but it would appear that at the time of the separation they were all in their late teens. The testimony, which was voluminous, covered the major portion of the twenty-year period, and it was conflicting. In weighing it carefully, as we are required to do in order to reach an independent judgment, we are helped by the fact that in several important particulars the husband was corroborated by independent witnesses; by the fact that in other important particulars his testimony was uncontradicted; by the fact that many of the wife’s denials were general and without the support of details; by the fact that her credibility was shaken by letters admitted to have been written by her; and by the fact that, in some instances, she failed to call witnesses who were present in court and who would have been in a position to corroborate her. Finally, we are helped by the observation of the learned court below, who had the opportunity to observe the demeanor of the parties, that “Mr. Presutti’s attitude upon the witness stand and his manner of testifying indicated his straightforwardness and honesty, which entitles him to be believed.”
 

 Viewed in the light of these guides, we find that:
 

 Immediately following the marriage the parties lived in Bedford County, Pa., for about a year, when, at the wife’s request, they moved to Canada. During the four years they lived in Canada, the wife left the husband
 
 *43
 
 on two occasions, after each of which there was a reconciliation. In 1922, they returned to Bedford County, where they lived until 1935, when a separation agreement was entered into and the wife returned to Canada to live with her mother. After several months, the husband once more agreed to take her back. The husband was a mine worker by occupation and throughout the entire period of the marriage was steadily employed, was thrifty, and always supported and maintained an adequate home. All of the reconciliations were at the wife’s request. Although both parties at times indulged in drink, the wife was, on numerous occasions, found drinking and intoxicated with other men in public places. Over the futile protests of the husband, who was told that it was none of his business, she encouraged the children to drink to excess. On nine occasions during the marriage, she had the husband arrested on groundless or trivial charges. On several occasions she threatened his life, and frequently remarked, as he left for work in the morning, that she hoped he would be killed in the mine. She constantly made efforts to estrange the children from him. This course of conduct impaired the husband’s health and made him afraid, at times, to return to his home, and, on the day of the final separation, he was severely beaten and physically ejected from his home by the joint efforts of the wife and children.
 

 In our opinion, the wife was guilty of such indignities as to entitle the husband to a divorce.
 
 Dearth v.
 
 Dearth, 141 Pa. Superior Ct. 344, 15 A (2d) 37;
 
 Campbell v. Campbell,
 
 126 Pa. Superior Ct. 190, 190 A. 536.
 

 There was additional evidence that in 1919 the wife had thrown a glass of beer at the husband; that on another occasion, the date of which is not shown, she struck him, but the severity of the blow is not shown nor is there evidence that it was done with a weapon of any kind; that on another occasion, the date of which is not shown, the husband testified she soaked poisoned
 
 *44
 
 fly-paper in water and “let me drink that,” it being his contention that this showed an attempt to poison him; and that on another occasion, the date of which is not shown, the wife had thrown a stone at him. Although we have considered this evidence in reaching our conclusion that the charge of indignities was proven
 
 (Miller v. Miller, 143
 
 Pa. Superior Ct. 534) we
 
 do
 
 not think it is sufficient to establish the charge of cruel and barbarous treatment.
 
 Davidsen v. Davidsen, 127
 
 Pa. Superior Ct. 138, 191 A. 619;
 
 Huston v. Huston,
 
 130 Pa. Superior Ct. 501, 197 A. 774.
 

 The order of the court is affirmed.