## Edelman, Appellant, *v.* Edelman.

Argued September 30, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Filindo B. Masino,* for appellant.

*Edward Watson,* for appellee.

OPINION BY ROSS, J., November 15, 1949:

In this action for divorce on the grounds of cruel and barbarous treatment and indignities to the person, the master who heard the case recommended dismissal of

the libel. Exceptions to his report were dismissed by the court below and the libellant wife took this appeal.

Cruel and barbarous treatment consists of actual personal violence or a reasonable apprehension thereof, or such a course of treatment as endangers life or health and renders cohabitation unsafe: *Campbell v. Campbell,* 129 Pa. Superior Ct. 106, 194 A. 760. A single act of cruelty may be so severe and with such attending circumstances of atrocity as to justify a divorce: *Eberly v. Eberly,* 154 Pa. Superior Ct. 641, 36 A. 2d 729. However, the cruel and barbarous treatment sufficient to justify a decree in divorce must consist of more than trivial acts. In *Knox v. Knox,* 109 Pa. Superior Ct. 45, 48, 165 A. 769, we said: "Altercations, even if accompanied by slapping or slight blows, incompatibility of temper, or manifestation of temporary irritation, are too petty and trifling to justify the granting of a divorce." And in *Eynon v. Eynon,* 88 Pa. Superior Ct. 519, it was held that the throwing of a sugar bowl on one occasion and a threat to kill were not sufficiently severe to warrant the granting of a divorce, under the facts of that case.

In this case, the libellant testified that on one occasion the respondent struck her on the cheek with his open hand, and that on another occasion he threw a small coffee roll at her which struck her on the arm. Clearly this testimony would not warrant a divorce on the ground of cruel and barbarous treatment.

We are, also, of the opinion that the libellant has not met her burden of proving by clear and convincing evidence that she is entitled to a divorce on the ground of indignities, which, as our courts have many times stated, may consist of vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disdain, abusive language, malignant ridicule, and every other plain manifestation of settled hate and estrangement: *Breene v. Breene,* 76 Pa. Superior Ct. 568;

*Martin v. Martin,* 154 Pa. Superior Ct. 313, 35 A. 2d 546; *McKrell v. McKrell,* 352 Pa. 173, 42 A. 2d 609. The fundamental characteristic of indignities is that it must consist of a course of conduct on the part of one spouse which by its continuity renders the condition of the other intolerable and life burdensome, and there must be evidence from which an inference of *settled hate and estrangement* may be deduced: *Davidsen v. Davidsen,* 127 Pa. Superior Ct. 138, 191 A. 619; *Monaco v. Monaco,* 160 Pa. Superior Ct. 117, 50 A. 2d 520.

To support her charge of indignities the libellant relies mainly upon alleged excessive sexual demands made upon her by the respondent and concerning which she testified in detail. We agree with her counsel that it would serve no good purpose to discuss "the unsavory details contained in this record".

A disposition of this case, as do most contested divorce actions, depends upon the credibility of the witnesses. If the libellant's testimony were accepted as true, she would be entitled to a divorce. However, the respondent contradicted her in every important detail of her testimony and from our examination of the record and independent determination of the issue, we agree with the conclusion of the master who stated in his report: "The testimony of the libellant if it stood alone would have shown a course of conduct amounting to indignities to the person but the testimony of the libellant after cross-examination and in view of the testimony of the respondent and his witnesses, shows so many contradictions and so many unexplainable factors that a divorce on the basis of it could not be recommended."

The decree dismissing the libel is affirmed.