## Gross, Appellant, v. Gross.

Argued October 4, 1949. Before RHODES, P. J., DITHRICH, ROSS, ARNOLD and FINE, JJ. (HIRT and RENO, JJ., absent).

*William Jay Leon*, for appellant.

No appearance was made nor brief submitted for appellee.

OPINION BY ROSS, J., November 15, 1949:

The parties in this divorce action were married on August 23, 1924, and lived together until December 15, 1944, when the husband left the marital habitation. On March 28, 1947, he filed his libel for absolute divorce on the ground of indignities. The master who heard the case recommended dismissal of the libel, exceptions to his report were dismissed by the court below and the husband took this appeal.

A divorce decree must be founded upon compelling, imperious reasons and upon evidence that is clear and convincing (*Fawcett v. Fawcett*, 159 Pa. Superior Ct. 185, 48 A. 2d 23) and it is our independent judgment from a reading of the record in this case that the libellant has not sustained his allegation of indignities. The fundamental characteristics of indignities are that they must consist of a course of treatment. The very essence of the offense is a course of conduct or treatment which

by its continuity renders the condition of the innocent party intolerable and his or her life burdensome. As stated by Judge RHODES in *Monaco v. Monaco,* 160 Pa. Superior Ct. 117, at page 118, 50 A. 2d 520, at page 521: "We have repeatedly said that it is impossible to lay down a general rule for the determination of what indignities render the condition of the injured party intolerable and his life burdensome. Hahn v. Hahn, 135 Pa. Superior Ct. 39, 41, 4 A. 2d 821. The circumstances of each case must largely determine whether the acts charged amount to such indignities as will justify the court in making a decree of divorce. However, indignities to the person, as recognized by the law, have certain fundamental characteristics which must be recognized in the appraisal of the evidence. In the first place, the indignities must consist of a course of conduct on the part of respondent. That conduct must have rendered the condition of the libellant intolerable and life burdensome; and there must be evidence from which an inference of settled hate and estrangement may be deduced. Davidsen v. Davidsen, 127 Pa. Superior Ct. 138, 142, 191 A. 619."

The libellant, referring to his wife, testified: "It was her stubbornness. She use to be terrible. She wanted everything her own way, [and] if she did not get it, she would not talk for three or four days, sometimes a week or over." He also testified: "She had a terrific temper. She would be horrible looking. You had to be careful, because she was quick on throwing things", but he also said: "She never hit me, but threatened to". He also testified: "Sometimes she charged I must have women somewhere"; that she called him names "about every two weeks" and that on "many occasions" she accused him of having "improper relations with other women".

An inspection of the record shows that libellant's testimony presents no series of definite instances or times of the occurrences complained of. Statements that

the respondent "always" or "continually" did certain things or that "she used to be terrible" are of little value because vague and indefinite. As stated in *Esenwein v. Esenwein,* 312 Pa. 77, at page 80, 167 A. 350: "In considering whether there is that 'clear and satisfactory evidence of the wrong which the law treats as justifying cause for a divorce . . . the court must be informed what the respondent has done; not what witnesses may conclude, or what they may regard as the character of the conduct': Edmond's App., 57 Pa. 232. General expressions 'are of no value unless accompanied by the actual facts on which these assertions are based. We are entitled, in the consideration of the case, to have the particulars as to the words spoken or the things done that constituted the cause of action alleged' ". . . Cf. *DeLisi v. DeLisi,* 139 Pa. Superior Ct. 440, 12 A. 2d 468.

Libellant's difficulty is that he does not establish his charges by the clear and satisfactory evidence that is required to entitle him to a divorce: *Sleight v. Sleight,* 119 Pa. Superior Ct. 300, 181 A. 69; *Dash v. Dash,* 357 Pa. 125, 53 A. 2d 89. The instances of alleged misconduct were not of such frequent occurrence as to constitute the "course of conduct" deemed essential by the law to support a decree. Such incidents as the libellant detailed fall short of establishing "imperious reasons" for a divorce; and while the testimony exhibits a state of domestic unhappiness it does not present a case of indignities to the person of the libellant which rendered his condition intolerable and life burdensome, within the meaning of the statute. Domestic disputes are not a cause for divorce unless they have the magnitude and importance of indignities such as would render one's condition intolerable and life burdensome: *Katz v. Katz,* 102 Pa. Superior Ct. 551, 157 A. 362.

Decree dismissing the libel is affirmed.