Kranch *v.* Kranch, Appellant.

Argued October 3, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Paul A. McGinley,* for appellant.

*Henry L. Snyder,* with him *Samuel D. Frederick* and *Snyder, Wert & Wilcox,* for appellee.

OPINION BY GUNTHER, J., November 15, 1951:

The master recommended a divorce on the ground of indignities. The court below dismissed exceptions, entered a decree and the wife-defendant appealed. We have carefully examined the testimony and have come to the conclusion that the divorce should be refused.

It is our duty to consider all the evidence and express our independent conclusion as to whether the wife's conduct constituted a sufficient cause for divorce. *Leiding v. Leiding,* 127 Pa. Superior Ct. 392, 393, 193 A. 88; *Stein v. Stein,* 119 Pa. Superior Ct. 276, 180 A. 763.

The parties were married on December 17, 1948, and lived together as husband and wife until February 23, 1949, or approximately ten weeks. This marriage was the second for both parties. At the time of the master's hearings the husband was 44 years of age and the wife 54 years of age. The difficulties of the parties, so the master and the court below concluded, stemmed from certain perverted sexual demands of the appellant. Appellee testified these demands began around January 1, 1949, and continued, with diminishing persistence, until the appellee left on February 23, 1949. Appellant testified that her husband was likewise guilty of such conduct; both the charges and counter-charges were vehemently denied by the parties. It is unnecessary to relate the sordid and repulsive allegations made by the husband; it is sufficient to say that these charges are to be looked upon with the greatest suspicion for they are ". . . of so dark a nature, so easily charged, and the negative so difficult to be proved, that the accusation should be clearly made out; for if false, it deserves a punishment inferior only to that of the crime itself": 4 Bl. Comm. *215; Cf. Freedman on Marriage and Divorce, p. 707.

The severity of appellant's conduct does not appear to have made appellee's condition intolerable and his life burdensome as contemplated by the statute. In addition to the fact that these parties only lived together ten weeks, there is abundant testimony from appellee's witnesses that appellee continually declared he was happily married; that he had waited many years

for this happiness. Other witnesses for appellee corroborated these statements.

Appellee's complaint regarding appellant's false accusations of infidelity are to be laid to his own conduct. On one occasion during this short marriage, he was seen coming out of the home of his former wife, and later admitted that he "could go back there" any time he wanted. Moreover, appellee admitted that he told his wife on one occasion that he was still in love with his first wife. Where the husband's conduct toward other women has caused the wife to become suspicious, he can hardly complain of that which his conduct has justly provoked. Cf. *Manzi v. Manzi*, 112 Pa. Superior Ct. 332, 334, 171 A. 92; *Mathias v. Mathias*, 114 Pa. Superior Ct. 444, 448, 174 A. 821; *Klimkosky v. Klimkosky*, 167 Pa. Superior Ct. 116, 74 A. 2d 497.

Appellee's complaint about appellant's use of vile and abusive language falls short of being "clear and convincing". It seems strange that the extensive use of vile language as charged by the appellee all took place in secret. On only one or two isolated occasions was such language used in the presence of third persons. Even then the spirit of conviviality formed the background in which the words were spoken.

Appellee's complaint that appellant constantly made belittling assertions concerning "other men whom she might have married" is not at all impressive. If appellee's version is believed, appellant's conduct in this regard was indiscreet and no doubt embarrassing to appellee. However, the testimony indicates that it only happened on one or two isolated occasions and was no doubt precipitated by appellee's earlier confession of love for his first wife. Appellee also complained that appellant interfered with his business and with his business associates. There is a complete lack of evidence establishing any injury or harm to his business resulting from the single isolated act of discourtesy of

which appellant was clearly guilty. On the contrary, there is abundant evidence, admitted by appellee, that appellant consented to turning the residence (owned by her two sons) into a "show place" for appellee's painting and decorating business; that on many occasions prospective buyers were brought to the home and a painting and decorating display shown to them. The evidence concerning this incident can be appraised as being mere annoyance from one isolated act of discourtesy.

The foregoing is an objective analysis of the evidence relied upon by the appellee. It seems unnecessary to recite other evidence for it consists of nothing more than isolated incidents of petty complaints and occasional quarreling. There is little doubt but that the parties are incompatible, but that of itself is insufficient. *Kerr v. Kerr*, 115 Pa. Superior Ct. 18, 21, 174 A. 820; *Reichle v. Reichle*, 96 Pa. Superior Ct. 230, 233.

One final observation may be made. The parties lived together approximately ten weeks. Although The Divorce Law sets forth no minimum length of time within which the indignities must occur, the cases are legion which rule that "continuity of conduct" or a course of treatment is the very essence of the ground of indignities. Can a case of indignities be made out where the parties live together only ten weeks? The severity of the conduct in a given case may warrant such a finding. The instant case, however, is not such a case.

Appellee has failed to establish unmerited reproach, habitual contumely, studied neglect, intentional incivility, malignant ridicule, or any other plain manifestation of settled hate and estrangement. Appellee has also failed to establish by clear and satisfactory evidence a course of conduct which has made his condition intolerable and life burdensome. " In a proceed-

ing dissolving a marriage contract, the case is not to be disposed of on a doubtful balance of the evidence nor upon unsubstantial inferences. There must be a presentation of a clear and satisfactory case on which the determination of the court may be confidently rested, . . . Edmond's Appeal, 57 Pa. 232;'" *Stein v. Stein*, 119 Pa. Superior Ct. 276, 180 A. 763; *McKrell v. McKrell*, 352 Pa. 173, 183, 42 A. 2d 609. The instant proceeding is not such a "clear and satisfactory case".

Decree reversed; complaint dismissed.