McLaughlin *v.* McLaughlin, Appellant.

Argued October 4, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

George D. Kline, with him James W. Brown, Jr. and Truscott, Trinkle & Wright, for appellant.

John Pemberton Jordan, for appellee.

OPINION BY RHODES, P. J., March 18, 1952:

This action of divorce was instituted by libellant against her husband, the respondent, on the grounds of indignities to the person and cruel and barbarous treatment. The libel was filed on July 27, 1945, before the adoption of the Pennsylvania Rules of Civil Procedure. The first meeting was held by the master on September 20, 1949, and the hearings were concluded on January 25, 1950. The record contains 505 pages of testimony, most of which is irrelevant; this is due to the fact that little attention was paid to the fundamental rules requiring evidence to be pertinent to the issues involved.

The master recommended that a divorce be granted to libellant on the ground of indignities to the person. Respondent's exceptions to the master's report were dismissed by the court below, and a decree was entered on that ground.

Our appellate courts have frequently stated that the law does not define indignities, but libellant's evidence in this case must clearly and satisfactorily establish such a course of conduct or continued treatment as rendered her condition intolerable and her life burdensome. A single act is not sufficient; the evidence must show repeated and measurably continuous acts constituting indignities under the circumstances. Conrad v.

*Conrad,* 112 Pa. Superior Ct. 198, 204, 170 A. 342. The acts establishing such a course of conduct must be humiliating, degrading, and inconsistent with libellant's position and relation as a wife, and thus manifest settled hate and estrangement. As we said in *Monaco v. Monaco,* 160 Pa. Superior Ct. 117, 118, 50 A. 2d 520, 521: "The circumstances of each case must largely determine whether the acts charged amount to such indignities as will justify the court in making a decree of divorce. However, indignities to the person, as recognized by the law, have certain fundamental characteristics which must be recognized in the appraisal of the evidence. In the first place, the indignities must consist of a course of conduct on the part of respondent. That conduct must have rendered the condition of the libellant intolerable and life burdensome; and there must be evidence from which an inference of settled hate and estrangement may be deduced. Davidsen v. Davidsen, 127 Pa. Superior Ct. 138, 142, 191 A. 619." It is also essential in a case of this type that it not be disposed of on a doubtful balance of the evidence or on unsubstantial inferences; there must be a presentation of a clear and satisfactory case on which the determination of the court may be confidently rested; and, to support a decree, the libellant must be clear of everything which is charged as a cause of separation against the respondent. *Stein v. Stein,* 119 Pa. Superior Ct. 276, 278, 180 A. 763. The application of these principles requires a reversal of the decree.

The parties were married on August 20, 1941, in the City of Philadelphia. They lived together in their own home until May 20, 1945, when libellant left respondent and went to live with her parents in that city. At the time of their marriage libellant was 19 years of age and respondent 28 years of age. One child, a son, was born of the marriage on February 1, 1944,

and lives with libellant. Libellant's testimony as to their marital life is inconclusive and unconvincing, and fails to establish a course of conduct as a ground for divorce under The Divorce Law, Act of May 2, 1929, P. L. 1237, 23 PS §10; there is no evidence of cruel and barbarous treatment. Libellant testified that on their honeymoon respondent was indifferent and lacking in affection toward her. However, her own diary, which is in evidence, establishes the contrary. She says this attitude persisted during the entire period of cohabitation. She further testified that respondent argued with her and nagged her, and said that she did nothing right; that he was stingy and surly. Such generalizations afford no basis for a divorce and fail to establish indignities to the person. See *Abbott v. Abbott*, 75 Pa. Superior Ct. 483, 504. She further testified that respondent frequently bent her arms and legs and thereby caused her pain. Upon examination of the record it appears that these were nothing more than events in which she willingly participated. There was no particular incident that caused her to leave the home which they owned, on May 20, 1945. She testified that she had been thinking about it for some time, and that the only incident that happened on the day she left was that respondent pushed some clean clothes from a chair onto the floor. Such incidents of which libellant complains fail to measure up to conduct required to establish indignities to the person. Domestic differences are not a cause for divorce unless they have the magnitude and importance of indignities such as would render one's condition intolerable and life burdensome. *Gross v. Gross*, 165 Pa. Superior Ct. 532, 69 A. 2d 190. Trivial altercations, incompatibility of temper, or manifestation of temporary irritation are too petty and trifling to justify the granting of a divorce on the application of either spouse. *Edelman v. Edelman*, 165 Pa. Superior Ct. 485, 69 A. 2d 165.

Libellant's principal complaint is that their sexual relations were unsatisfactory. In April, 1943, libellant submitted to a minor operation which permitted her thereafter to have children. Previous to that time her physical condition prevented conception. She became pregnant shortly after the operation. Libellant testified as to a condition of sexual incompatibility or mismating that existed between the parties both before and after such operation, in fact, during the entire time they lived together. She complains of certain conduct of the respondent apparently resulting from this state of sexual incompatibility. We shall not discuss her intimate testimony in this respect which is revealing but not edifying. We are not inclined to give full credence to much of her testimony in this respect, but in any event she was a willing participant in many of the incidents of which she now complains. Neither does respondent's alleged frequent refusal of intercourse establish a ground for divorce. *Mosher v. Mosher,* 149 Pa. Superior Ct. 422, 425, 27 A. 2d 448.

Considerable importance has been attached to a letter which respondent wrote to libellant's mother about a week after their separation, wherein respondent requested his mother-in-law to intercede and assist in bringing about a reconciliation with his wife. In this letter he said, inter alia: "There are two things that cause our trouble. . . . One of our troubles was due to me trying to make things last as long as possible. I did not do this to be mean but so we could have other things we wanted. . . . Our other trouble was me not giving Betty enough love and attention . . ." The letter must be read in the light of the circumstances under which it was written. There was testimony that libellant had said respondent gave her more affection than she expected. In any event, the force of making the admissions can have no greater weight than the facts ad-

mitted, which, as we have said, were insufficient in this case to constitute legal indignities.

Apart from the specific denials by respondent of libellant's testimony, we cannot conclude, from our independent review and examination of the record, that there is sufficient basis for the granting of a divorce. In her version of their marital troubles libellant was inclined toward exaggeration. The weakness of libellant's case goes beyond the question of credibility. There is an absence of evidence showing to our satisfaction a course of conduct from which any manifestation of settled hate and estrangement on the part of respondent toward libellant could be inferred. See *McKrell v. McKrell*, 352 Pa. 173, 182, 42 A. 2d 609. The most that libellant has established is that she became unhappy with her marriage. She apparently tired of married life, and four years may have convinced her that she and respondent were incompatible. See *Ingram v. Ingram*, 58 Pa. Superior Ct. 522, 525. As we said in *Hartley v. Hartley*, 154 Pa. Superior Ct. 176, 178, 35 A. 2d 591, 592: "The regrettable fact that married people do not get along together does not authorize us to loose them from the bonds of matrimony."

The testimony of both parties was lacking in material corroboration, but such corroborative testimony as there is in the record indicates that respondent treated libellant with consideration and affection. We are obliged to conclude that libellant is not entitled to a divorce on the record before us.

Decree is reversed, and libel is dismissed.