Brzezinski *v.* Brzezinski, Appellant.

Argued October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Maurice Freedman*, with him *Robert H. Arronson* and *Herbert H. Hadra*, for appellant.

*Otto W. Woltersdorf*, for appellee.

OPINION BY GUNTHER, J. December 29, 1953:

This is a divorce proceeding instituted by the husband on the grounds of indignities to the person and cruel and barbarous treatment. After many hearings the master recommended that a divorce be granted on the ground of indignities. The master's recommendations were approved by the court below, a decree of divorce a.v.m. was entered, and the wife has appealed.

The testimony of the parties is fundamentally irreconcilable and therefore credibility is a prime factor. The findings of the master as to credibility are not binding, but his judgment thereon is entitled to the fullest consideration. *Oliver v. Oliver*, 172 Pa. Supe-

rior Ct. 600, 94 A. 2d 124. After an independent review of the record, we conclude that the master's findings and conclusions were justified.

There could be no dispute that the husband-plaintiff's evidence, if true, is more than enough to constitute a cause for divorce on the ground of indignities. The ill conduct complained of included constant cursing and the use of vile epithets, threats and even pretenses of suicide, frequent shouting and screaming in a hysterical and embarassing manner, several physical attacks on the husband, including an incident where she caused her father to beat her husband severely, and frequent statements that she was sorry she married and did not love him. The marriage lasted only about seventeen months, at which time the defendant left the plaintiff. They resided with his parents, to which she had agreed before the marriage. The plaintiff further testified to his attempts to secure a separate abode, but they were unsuccessful because she was dissatisfied with the apartments procurable in his wage bracket.

The testimony of the wife was essentially a denial. The defendant testified that they "got along wonderfully," except for certain relations with the mother-in-law, yet there were several separations before the final one, and she claimed that he slapped her all the time during arguments. She tried to blame her mother-in-law for much of the difficulties which she admitted did occur. Yet she admitted agreeing to live there, but then, significantly, added that she decided on her honeymoon "to go on my own from that time on." She also admitted the incident where her father and her husband quarreled, but attempted to explain her allegedly innocent part in the affair by an explanation we find unworthy of belief, especially in light of the contradictory testimony of several witnesses. There were other

instances of contradictions, admissions, and weak explanations in defendant's testimony which render it less credible than that of the plaintiff. The defendant also introduced the testimony of two psychiatrists who had examined the defendant, and on that basis and their review of the testimony attempted to impugn the plaintiff's credibility. This was a highly unusual procedure and the master correctly gave little weight to their opinions.

It follows that the plaintiff established a cause for divorce on indignities by competent and credible evidence.

Decree affirmed.