Kobryn *v.* Kobryn, Appellant.

Argued October 8, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, WRIGHT and WOODSIDE, JJ.

*Albert F. Sabo,* for appellant.

*Charles S. Schermer,* with him *Harry Baron,* for appellee.

OPINION BY WOODSIDE, J., January 19, 1954:

This action in divorce was brought by the husband on the ground of indignities. The master recommended a divorce; defendant's exceptions to the master's report were dismissed by the court; and a final decree was entered. Defendant appealed.

The parties were married May 15, 1915. Both were born in Poland; plaintiff came to the United States in 1913, defendant about two years later. No children were born of this marriage. Both parties are gainfully employed.

For the past twelve years the parties have occupied the same house, which is owned by them. Since the initiation of these proceedings they have continued to live in the same house, occupying different portions thereof, and eating their meals separately—a procedure which had been followed for the last ten years.

The plaintiff alleges that the indignities began in September, 1916 and continued to April 1950, however the major portion of testimony relates more particularly to alleged indignities occurring within the last ten years. These indignities consisted, among others, of defendant's repeatedly striking and beating the plaintiff without provocation; throwing articles such as chinaware at the plaintiff; using vile, profane, and vituperative language to him; constantly nagging, abusing and criticizing him and neglecting to perform her duties as a housewife.

To all of the evidence on these points the defendant made categorical denials and further made countercharges which the plaintiff in rebuttal denied.

The issue thus became one of credibility. The plaintiff's testimony is corroborated in important particulars by two of his sisters, a brother-in-law, and an entirely disinterested witness. Defendant called two witnesses, whose testimony in some respects was irrelevant and in others was contradictory of defendant herself. Likewise, defendant's denials were for the most part vague and inconsistent.

Although it is our duty in divorce cases, where there has been no jury trial, to make an independent examination of the record . . . "it has frequently been said that the conclusions of the master who saw and heard the witnesses, while not controlling, are not to be lightly disregarded. This rule is particularly applicable in cases where the testimony is conflicting, for then the opportunity to observe the demeanor of the witnesses is especially helpful in arriving at the truth. Prisinzano v. Prisinzano, 151 Pa. Superior Ct. 207, 30 A. 2d 182; Isaacs v. Isaacs, 149 Pa. Superior Ct. 508, 27 A.2d 531." *Fullwood v. Fullwood*, 156 Pa. Superior Ct. 409, 411, 40 A. 2d 876 (1944).

After carefully studying the record we are of the belief that the master and the court below properly

evaluated the testimony when they placed credence in the plaintiff's version of the facts.

As stated in Martin v. Martin, 154 Pa. Superior Ct. 313, 317, 35 A.2d 546 (1943): "The essential feature of the offense of indignities to the person is that it must consist of a course of conduct or continued treatment which renders the condition of the innocent party intolerable and his or her life burdensome."

The plaintiff's evidence establishes indignities to the person as above defined.

We have considered the plaintiff's failure to withdraw from the common home which has been held to be a factor in deciding the severity of the effect of the defendant's conduct upon him. Tumini v. Tumini, 150 Pa. Superior Ct. 363, 28 A. 2d 357 (1942). While it was established here that the plaintiff still lives under the same roof, he nevertheless does occupy separate quarters. He also prepares and eats his meals alone. His continued residence is satisfactorily explained by his ownership of the property by the entireties. We think his failure to move out under the circumstances is more indicative of the plaintiff's tenacity than of the defendant's good behavior. See Fullwood v. Fullwood, supra, Page 412.

Decree affirmed.