## Davis *v.* Davis, Appellant.

Argued October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*Ralph S. Croskey,* with him *Eugene John Lewis,* and *Charles S. Thompson,* for appellant.

*Morris C. Solomon,* with him *Solomon & Tolson,* for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

This is an action for divorce on the grounds of indignities. The plaintiff and defendant were married July 15, 1938, in Philadelphia, where they lived together until September 20, 1953 when the separation took place. Two children were born of this marriage.

After hearing the testimony in the case, the master recommended that a divorce be granted.

Much of the testimony is in conflict; and the master had to determine the credibility of the parties before presenting his report and recommendation. The testimony of the plaintiff, according to the master's report was clear, frank, and direct; the substantial and material parts were supported by corroborating witnesses. The testimony of defendant was conflicting and indicating an open disregard for the truth. Plaintiff was a more forthright witness while the defendant frequently vacillated and sometimes changed his answers. It is a well settled principle decided by our appellate courts that a master's conclusions in respect to credibility, while not controlling, must be given the fullest consideration. *Kobryn v. Kobryn,* 174 Pa. Superior Ct. 472, 102 A. 2d 173. Upon examination of the testimony,

we find that the plaintiff's testimony supported the ground of indignities.

The indignities of which plaintiff complains were set forth in Judge KUN's opinion as follows:

"(1) Defendant mistreated plaintiff's sister, who was taking care of plaintiff after·she had returned from the hospital following a Caesarean operation, and defendant accused plaintiff of feigning sickness, stating that it was unnecessary for her to have such help.

(2) When plaintiff, who had been away for the summer, returned home she found hairpins, which were not hers, in her bed, and she also found lipstick on defendant's personal effects, which she identified as not being hers.

(3) Defendant made embarrassing and untrue remarks in front of friends, but after the friends had departed, he would apologize in private and admit that what he had said in public was untrue.

(4) Defendant indiscriminately told strangers that his wife was not a proper wife because she spent an entire summer in the Poconos, and that she refused to sit in mourning for his father. (The truth of the matter was that he had made the arrangements for her to stay in the Poconos, and he had made the decision not to sit in mourning even though she had requested to do so.)

(5) Defendant sent his uncle to plaintiff's father with an admittedly false story that plaintiff's child was not defendant's, that plaintiff·was running around with other men and coming home intoxicated, and that plaintiff had contracted a venereal disease.

(6) Defendant discussed the private marital affairs of the parties with neighbors and with plaintiff's sister.

(7) Defendant told his daughter that her mother was in love with another man and that she intended to

leave defendant and the family, and that she did not care for her daughter.

(8) Defendant threatened plaintiff that if she went through with the divorce he would 'make her name mud.'

(9) Defendant falsely told plaintiff's sister that a doctor had said that plaintiff was crazy and needed medical help."

Above enumerated actions and behavior of defendant are sufficient to prove a course of conduct amounting to indignities; and while some of them were denied, others were admitted. In *Trimbur v. Trimbur*, 171 Pa. Superior Ct. 541, 91 A. 2d 307, it was held that the offense of indignities is complete when a continued and persistent course of conduct demonstrates that love and affection have been replaced by hatred and estrangement. An indignity to the person is an affront to the personality of another, a lack of reverence for the personality of one's spouse.

Defendant made false accusations about his wife, including accusations of infidelity. He showed disdain for her personality by embarrassing her with untrue remarks in public. He abused some of plaintiff's relatives in an unwarranted manner. He indicated that he was unfaithful to his wife and that his love and affection had been replaced by less engaging qualities upon which no marriage can be secure.

Our independent study of the testimony brought us to the conclusion that plaintiff has sustained the burden of establishing her case and a good cause of action by clear and satisfactory evidence.

Decree affirmed.