**Edward B. ANDERSON, Appellant**
**(Defendant below),**

v.

**Joyce H. ANDERSON, Appellee**
**(Plaintiff below).**

**No. 3502.**

Supreme Court of Wyoming.

Dec. 13, 1966.

William R. Buge, of Ross & Buge, Cheyenne, for appellant.

Robert L. Duncan, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This is an appeal by defendant, Edward B. Anderson, from a decree of divorce granted to plaintiff, Joyce H. Anderson, by the District Court of Laramie County, Wyoming.

The record reveals defendant and plaintiff were married originally on October 28, 1960, and two children were born of the marriage. Defendant is in the United States Air Force and, while he was overseas in 1964, plaintiff filed a divorce action against him which resulted in a decree of divorce being entered on August 21, 1964. Subsequently, she married Don Beard September 12, 1964. She divorced Beard July 12, 1965, and on the same day remarried the defendant. Thereafter, plaintiff and defendant with their children left for Duluth, Minnesota, which was to be Anderson's duty station in the United States Air Force. After being with defendant for approximately five days plaintiff returned to Cheyenne, Wyoming, and filed suit for divorce on July 23, 1965. The divorce decree was granted and defendant's appeal challenges its legality.

The contentions of defendant-appellant are these: (1) That plaintiff failed to

prove she was a resident of Wyoming for the period required by statute in divorce cases; (2) that plaintiff's evidence failed to establish grounds for divorce; and (3) that plaintiff should have been denied a divorce on account of recrimination or equal fault, pursuant to the provisions of § 20-55, W.S.1957.

Plaintiff's prayer for divorce was based upon alleged intolerable indignities. As far as misconduct on the part of her husband is concerned, however, the most the testimony showed was that the parties had a few arguments of a "normal" nature while they were on the way to Duluth. Apparently Anderson objected to any conversation concerning Beard, and there was some argument concerning the bringing-up of the children.

The plaintiff admitted she was upset over an illness of one of the children; and that the children caused her anxiety and discomfort and made her nervous. There was no testimony of any public display which caused plaintiff embarrassment or humiliation. The lack of testimony tending to show a continuous pattern of misconduct on the part of defendant is apparent in the record.

■ Ordinarily the statutory ground of indignities cannot be predicated on a single act or upon occasional acts; a case of indignities must ordinarily consist of a persistent course of conduct which continues over a substantial period of time. 24 Am.Jur.2d, Divorce and Separation § 158. See also Gill v. Gill, Wyo., 363·P.2d 86, 88; Kranch v. Kranch, 170 Pa.Super. 169, 84 A.2d 230, 232; and Annotation 33 A.L.R.2d 1230, 1239.

■ Can a case of indignities be made out when the parties lived together only five days? Of course it can, if the conduct complained of is unusually offensive. A similar question was asked in the *Kranch* case cited in the preceding paragraph. There, the court answered that the severity of the conduct in a given case may warrant

such a finding; but the *Kranch* case was held not to be such a case.

■ We likewise conclude and say the case we are dealing with is not such a case, and Mrs. Anderson wholly failed to prove such continuity of conduct or course of treatment on the part of her husband as would constitute intolerable indignities.

It goes without saying that it takes two to make an argument, and statements to the effect that plaintiff and defendant had arguments fall short of proof that defendand was at fault and the one responsible for the arguments. No misconduct on the part of defendant, aside from the fact that he and plaintiff argued, was testified to.

Since we find that plaintiff failed to prove grounds for divorce, it becomes unnecessary for us to discuss the matter of plaintiff's residence or the matter of plaintiff's equal fault.

The judgment is reversed and vacated.