King *v.* King, Appellant.

Submitted May 1, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*John J. Haberstroh,* and with him *John A. Hoober,* for appellant.

*Harvey A. Gross,* for appellee.

OPINION BY KELLER, J., July 13, 1934:

This was an action of divorce brought by a husband against his wife, on the ground of wilful and malicious desertion. It was tried before a jury, who rendered a verdict in favor of the libellant. The duty resting upon this court in appeals in divorce cases heard before a master, to review the testimony and decide on our own judgment whether it sustains, by clear and satisfactory proof, the complaint of the libellant (Nacrelli v. Nacrelli, 288 Pa. 1, 5, 136 A. 228; Nacrelli v. Nacrelli, 87 Pa. Superior Ct. 162, 164; Humphreys v. Humphreys, 85 Pa. Superior Ct. 488, 491; Stewart v. Stewart, 88 Pa. Superior Ct. 1, 2; Auerbach v. Auerbach, 98 Pa. Superior Ct. 369, 371), does not attach where there has been a jury trial and the issues of fact have been submitted to and decided by the jury: Middleton v. Middleton, 187 Pa. 612, 615, 41 A. 291; Burns v. Burns, 84 Pa. Superior Ct. 489, 490; Humphreys v. Humphreys, supra. These decisions, and many others, recognize this distinction, and restrict the duty of this court to review the facts and decide the case on its merits to actions heard before a master, or by a court without a jury, and expressly except cases "where there has been an issue and jury trial."

The present case, therefore, comes within the latter category, and our duty here is only to examine the testimony and see if there is evidence to support the verdict.

We have done this, and without going into details, are satisfied that evidence was produced by the libellant which required a submission of the case to the jury, and which, if believed, would sustain a finding by the jury that the respondent had deserted the libel-

lant, within the legal meaning of that term as used in our divorce code. See Middleton v. Middleton, supra. Whether we would have reached the same conclusion as the jury, if we had been the triers of fact, is beside the point.

The assignments of error are overruled and the decree is affirmed.