## Cunningham, Appellant, *v.* Cunningham.

Argued October 16, 1935. Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William A. Gray,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellee.

PER CURIAM, November 13, 1935:

No good purpose would be served by reciting in detail the testimony submitted by the libellant and respondent respectively in this action for divorce on the ground of indignities to the person. We agree with the learned President Judge of the court below that it fails to establish the charge in the libel by that clear and satisfactory preponderance of the evidence which our decisions require.

The fact that the parties are living together in the same house, does not, since the Act of June 28, 1923, P. L. 886, preclude the granting of a divorce. That Act and the Divorce Law of 1929, P. L. 1237, permit a wife to obtain a divorce on the grounds of cruel and barbarous treatment endangering her life or personal indignities such as to render her condition intolerable and life burdensome, without requiring that they shall be such as to "force her to withdraw from his house and family," as was requisite under the Act of March 13, 1815, 6 Sm. L. 286; and put the wife on an equality with the husband as respects securing a divorce on those grounds. The fact may, however, be taken into consideration in passing on the degree or severity of the alleged indignities which render the libellant's condition *intolerable* and his or her life *burdensome.* If one physically and financially able to leave the common home continues to stay there, it may have some bearing on the *intolerableness* of his condition and the *burdensomeness* of his life.

Irrespective of this, however, our judgment is that the libellant's case has not been clearly and satisfactorily established.

Decree affirmed at the costs of libellant.