Eberly *v.* Eberly, Appellant.

Argued March 14, 1944.   Before KELLER, P. J., BALD-

642

RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Judson E. Ruch*, of *Markowitz, Liverant, Wogan & Ruch*, for appellant.

*W. Burg Anstine*, with him *Paul E. Stein*, for appellee.

OPINION BY RHODES, J., April 13, 1944:

The libel in this divorce action charged that respondent had by cruel and barbarous treatment endangered libellant's life and had offered such indignities to his person as to render his condition intolerable and life burdensome. Section 10, subparagraphs (e) and (f) of paragraph 1, of the Divorce Law of May 2, 1929, P. L. 1237, 23 PS §10, par. 1, subpars. (e, f). An answer was filed. A jury trial was requested. A rule was granted to show cause why an issue should not be framed, and this was made absolute. The issues as framed were submitted to the jury as follows: "These are the issues that you must decide:

"1. Did the respondent, by cruel and barbarous treatment, endanger the life of the husband?

"In other words, did the wife, by cruel and barbarous treatment, endanger the life of the husband?

"2. Did the respondent offer such indignities to the person of the libellant as to render his condition intolerable and his life burdensome?

"Did the wife offer such indignities to the person of

the husband as to render his condition intolerable and his life burdensome?"

The trial judge thereupon charged: "If your answer to either one of those questions is yes, then your verdict should be for the husband, the plaintiff. If your answer to both of those questions is no, then your verdict should be for the defendant, the wife, and the husband would not receive a divorce."

The jury returned a verdict "in favor of the plaintiff." The wife's motion for judgment n. o. v. and a new trial were overruled. She has appealed from the final decree entered upon the verdict.

Appellant first contends that the evidence was insufficient to support the verdict and the subsequent decree.

There having been a jury trial, the extent of our review is limited to a consideration of the same matters as are involved in disposing of an appeal from a judgment entered upon a verdict in an ordinary civil case; we do not consider the credibility of witnesses or the weight of the evidence, and the testimony must be read in the light favorable to the appellee and all conflicts in the testimony must be resolved in favor of the appellee. *Hahn v. Hahn,* 135 Pa. Superior Ct. 39, 41, 4 A. 2d 821; *Huston v. Huston,* 130 Pa. Superior Ct. 501, 504, 197 A. 774; *King v. King,* 113 Pa. Superior Ct. 285, 286, 173 A. 432.

The parties were married on March 26, 1927. Until their final separation on April 10, 1932, they lived at various places in York County because of appellant's desire to move. Previous separations were in 1930 and 1931. The separation in 1930 was due in part to appellant's nagging and argumentative disposition. In addition she had a tendency to slap appellant on the slightest pretext and without provocation or retaliation. Libellant was unable to do anything to her satisfaction. She called him names, and finally told him to leave their home. This he did, but after two weeks he re-

turned because she asked him to come back and promised to do better. Matters did not improve. Libellant was not permitted to smoke in the house; his friends were not allowed in his home; and his relatives were not welcome. Appellant continued to slap libellant, and on occasion struck him on the face with a dishcloth. In 1931 he left again because of her conduct. On her plea he returned, after seven weeks, with her assurance that she had learned a lesson. But she continued to display a violent temper, she accused libellant of infidelity, she threatened him in various ways. Except for the first six months of their married life, they occupied separate bedrooms. After the last altercation on April 10, 1932, when appellant struck and scratched libellant, he left, and they have not lived together since that time.

The libel in the present case alleged two grounds for divorce—cruelty and indignities to the person, and these were the issues ordered to be tried. These grounds are separate and distinct, and there is a manifest difference between them. In *Krug v. Krug*, 22 Pa. Superior Ct. 572, at page 573, it is said: "The act clearly distinguishes between cruel and barbarous treatment upon the one hand, and indignities to the person upon the other, as causes for divorce, and requires that the first shall endanger life. A single act of cruelty may be so severe and with such attending circumstances of atrocity as to justify a divorce. No single act of indignity to the person is sufficient cause for a divorce; there must be such a course of conduct or continued treatment as renders the wife's [or husband's] condition intolerable and life burdensome. The indignities need not be such as to endanger life or health; it is sufficient if the course of treatment be of such a character as to render the condition of any woman [or man] of ordinary sensibility and delicacy of feeling intolerable and her [or his] life burdensome."

In *Davidsen v. Davidsen*, 127 Pa. Superior Ct. 138, at page 141, 191 A. 619, at page 620, this court said: "Cruel and barbarous treatment, within the meaning of the statute, implies a merciless and savage disposition leading to conduct amounting to actual personal violence or creating a reasonable apprehension thereof—such a course of treatment as renders further cohabitation dangerous to physical safety: Sharp v. Sharp, 106 Pa. Superior Ct. 33, 161 A. 453."

The cruel and barbarous treatment sufficient to warrant a severance of the marital ties must be such as endangers life or health and renders cohabitation unsafe. The testimony did not establish cruel and barbarous treatment, and if the jury so found the verdict in that respect could not be sustained.

A single act of cruelty may be so severe and with such attending circumstances of atrocity as to justify a divorce, but there is no such single act in the instant case. The incidents to which libellant testified did not amount to a course of treatment which rendered further cohabitation dangerous or unsafe. Libellant's own testimony did not disclose any genuine apprehension of such violence to his person or a feeling that further cohabitation was dangerous to his physical safety. *Mentser v. Mentser*, 136 Pa. Superior Ct. 582, 588, 7 A. 2d 541.

On the other hand, we are of the opinion there was evidence to the effect that there were indignities to the libellant which were continuous and which existed for some time. Although there was no evidence justifying the submission to the jury of the charge of cruel and barbarous treatment, the issue of indignities to the person was for the jury. Any acts of appellant that might be construed as coming within the legal meaning of the term 'cruel and barbarous' may properly be considered, in connection with other conduct, under the charge of indignities to the person. *Sleight v. Sleight*, 119 Pa. Superior Ct. 300, 303, 181 A. 69.

The final decree entered by the court below was predicated on the "jury having found the facts alleged in plaintiff's libel to be true," and having "rendered a verdict in favor of the above named plaintiff on the issue framed and on which said action was tried."

The jury made a general finding for plaintiff [libellant]. The jury's answer may have been in the affirmative on one issue, or it may have been in the affirmative on both, but, as we have said, libellant did not establish that he was entitled to a divorce on the ground of cruel and barbarous treatment. In order to know what facts the jury found, we think it was necessary that each issue be specifically answered. Otherwise, there is no certainty as to the jury's findings, and consequently there could be no inquiry whether the law had been properly applied to the facts which the jury could reasonably find on the submitted issues.

In *Elsesser v. Elsesser,* 80 Pa. Superior Ct. 117, at page 119, it was said: "The issues of fact, if more than one, should be distinctly framed, and the jury should pass upon and find separately as to each. The verdict of the jury determines the questions of fact involved in the issues submitted, but it is not the end of the proceeding. ...... It remains for the court below to pass upon the material facts, not involved in the issue tried by the jury, and to enter a final decree. ......" Sections 2 and 8 of the Act of March 13, 1815, 6 Smith's Laws 287, quoted therein, are substantially the same as sections 35 and 55 of the Act of May 2, 1929, P. L. 1237, 23 PS §§35, 55.

In *Gearing v. Gearing,* 90 Pa. Superior Ct. 192, as in the present case, two issues were submitted to the jury to be tried. As to the first, cruel and barbarous treatment, the jury answered no; as to the second, indignities to the person, the jury answered yes.

In the present case the evidence did not warrant the submission to the jury of the charge of cruel and

barbarous treatment, and an affirmative finding on that issue could not be sustained. By the charge of the court the verdict was to be for the libellant if the jury thought he was entitled to a divorce on either ground. The jury's finding being general, a new trial must be granted.

The decree of the court below is reversed, and a new trial directed.