Opinion by
Arnold, J.,
In this divorce action the court below, following the recommendation of the master, dismissed the husbandlibellant’s libel and he appealed.
The grounds stated in the libel and bill of particulars were indignities to the person rendering his condition intolerable and life burdensome. The parties were married in 1916 and the libel was filed in February, 1947.
Even without the testimony on behalf of the respondent, libellant’s case failed. He testified to an alleged un *631 faithfulness and abortion in 1917; that the respondent objected to the living accommodations in 1917, 1918, 1923, and, with some vagueness, between 1924 and 1942. He complained that she discussed a salary increase with his boss or superior in 1931; of two disparaging statements in 1940 and 1941; and of statements regarding his armed service allotment and mail, running from 1944 to 1946 and again in 1947. These instances are comparatively minor and are undoubtedly isolated. They were of the type characterized in Friess v. Friess, 156 Pa. Superior Ct. 38, 41, 39 A. 2d 151, as the “not uncommon ripples which disturb the sea of matrimony.” There was no continuous course of conduct, but the acts alleged were separated by long intervals of time. See Esenwein v. Esenwein, 312 Pa. 77, 79, 167 A. 350, and Bock v. Bock, 162 Pa. Superior Ct. 506, 507, 58 A. 2d 372, to which many other cases could be added.
On the other hand, the respondent presented most convincing testimony which need not be reviewed since the libellant’s own case fails. It may be added, however, that the master made detailed findings that the respondent was not guilty of committing the indignities alleged. A great part of the difficulties undoubtedly arose because the libellant fell in love with a young woman and wanted a divorce in order to marry her.[1] He was in her company daily; they went swimming together; made journeys by bicycle; and corresponded diligently. An independent examination of the testimony leads one inevitably to the conclusions of the court below and its master.
Libellant complains because the wife was permitted to offer testimony when she had filed no answer to the libel. The state being a party, there is no such thing as *632 a default judgment against the respondent. Cf. Bonomo v. Bonomo, 123 Pa. Superior Ct. 451, 187 A. 222, and Pa. R. C. P. 1129, and the Goodrich-Amram comment thereon.
One other matter needs to be noticed. The evidence before the master was closed on June 12,1948. On June 29 libellant presented a petition to the court of common pleas averring that a witness for the respondent, during the course of the master’s hearing, told persons who were to testify to “deny everything.” The prayer of the petition was to have “the testimony [of this witness] . . . stricken from the record . . . for want of credibility. ...” No such practice exists, and such a course must be strongly disapproved. Neither the court nor the master should determine, in limine, the credibility of a witness. The proper application was to request the master to reopen the case and take additional testimony. Normally, in our courts, this is a matter of judicial discretion. But in a divorce case, the state being interested, it usually requires that the case be reopened. The respondent filed an answer to the rule, denying the allegations. Libellant took no depositions and did nothing to dispose of the alleged issue, which remained open on the argument list. The master’s report was lodged on December 3, 1948, and the libel dismissed by the court on March 30, 1949, at which time libellant’s rule was still open. The master and the court below were quite right in disregarding this extra-legal procedure.
The order of the court below dismissing the libel is affirmed.

 The libellant so stated to the young lady’s mother, who thus testified for the respondent.