## Hahne *v.* Hahne, Appellant.

Argued November 24, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Thomas L. Wentling,* for appellant.

*Armin H. Friedman,* for appellee.

OPINION BY GUNTHER, J., January 12, 1951:

Robert W. Hahne filed his complaint in divorce a.v.m. charging his wife, Frances M. Hahne, appellant, with indignities to the person. The matter was heard by the court below and after the hearing, a decree of divorce was entered. The wife has taken this appeal.

Appellant urges that (1) appellee has not, by clear and satisfactory evidence, established that appellant had offered such indignities to the person of her husband as to render his condition intolerable and life burdensome; and (2) that appellee was not an injured and innocent spouse within the meaning of The Divorce Law of 1929.

The parties were married on March 12, 1932, at Greenville, Pennsylvania, while appellee was a junior at Thiel College in Greenville. Thereafter, appellee attended Gettysburg Seminary and upon his graduation

in 1937 was ordained a Lutheran minister. His first pastoral charge was in Scenery Hill, Pennsylvania, where the parties lived for approximately three years. His next pastoral charge was in Glassport, Pennsylvania, where they lived for about three years, and his following pastoral charge was in Cairnbrook, Pennsylvania, for approximately three years until the parties separated on February 17, 1947. Three children were born of the marriage.

The husband testified that the indignities began at the beginning of their married life; that his wife used profanity; that she threw various articles such as books, combs, brushes and shoes at him; that she declared an intention to force him to leave; that she boasted that he would not preach in Glassport or anywhere else; that she took the children and was going to get them "a new daddy". Appellee also testified concerning financial difficulties brought about, so he says, by his wife's extravagance, requiring him to pursue other means of employment to enhance his income. Appellant denied these allegations and testified that she had cooperated with her husband in church work; that she was active in the various organizations of his charges, teaching in Sunday School and participating in Girl Scout activities; that she was ill-treated by appellee after being hospitalized following the birth of their last child; that he cruelly abused the children; that he sent her furniture after her during one of the periods of separation without her knowledge or consent; that her husband's conduct was such that she was compelled to leave; that he was responsible for their financial embarrassments, and that their final separation was made necessary by his inability to provide the necessities of life.

The court below candidly admitted having had great difficulty in determining whether plaintiff had

sustained the burden of proof. The court below said: "As between husband and wife it is impossible to determine whether either has presented testimony sufficient to sustain the burden of proof to support their position". The court then went on later to say that ". . . the testimony of the parties themselves, as we have hereinbefore declared, is not alone sufficient to establish the required proof. . . .". The court below concluded, however, that the weight of the evidence was swayed in favor of appellee by the testimony of two disinterested witnesses which, the court said, established the wife's conduct as indignities. A careful review of the testimony of these two witnesses, relied on by the court below, does not persuade us that a course of conduct has been established. A Mr. Fabry, one of these witnesses, was a member of the church council in Glassport where the appellee was pastor in 1944. He testified to only one episode occurring on March 17, 1944. He testified that he received a call from Mrs. Hahne to come to the parsonage right way, and when he arrived a police officer was present. The parties were having quite an argument and Mrs. Hahne asked that appellee be put out of the parsonage. Shortly thereafter, the church council had a meeting and agreed to permit appellee to occupy the parish house, but if appellant returned they would both have to leave and appellee resign as pastor. He remained five months with his mother as housekeeper and then received his wife back into their home. He resigned shortly thereafter as pastor of the church. A second witness is C. W. Baker, a Lutheran minister who had known the parties well. He testified to being present when a separation agreement was prepared in March, 1944; that she told the witness she was going to have her husband withdraw from the ministry, and although the testimony shows no animus toward appellant, he admits a per-

sonal interest in appellee and at the same time describing appellant as a "very likeable" person. This is the sum and substance of the testimony of these two witnesses.

From the foregoing testimony, it is clear that these two witnesses, heavily relied upon by the court below, testified to only two episodes in the marital affairs of the parties, both occurring at approximately the same time, to wit, March, 1944. The reliance placed on this testimony by the court below is insufficient and unjustifiable to establish a course of conduct. Continuity of ill-conduct is a fundamental characteristic of a charge of indignities, and a single act or isolated acts can never result in indignities. The very essence of the offense is a course of conduct or ill-treatment which by its continuance renders the condition of the innocent party intolerable and life burdensome. *Wick v. Wick*, 352 Pa. 25, 28, 29, 42 A. 2d 76; *Cook v. Cook*, 166 Pa. Superior Ct. 629, 631, 74 A. 2d 728; *Grasso v. Grasso*, 143 Pa. Superior Ct. 293, 305, 306, 18 A. 2d 112. In *Esenwein v. Esenwein*, 312 Pa. 77, 79, 167 A. 350, it was said: " 'It is not of a single act that the law speaks . . . but *of such a course of conduct* or *continued treatment* as renders the (plaintiff's) . . . condition intolerable and . . . life burdensome. . . .' Richards v. Richards, 37 Pa. 225." We concur in the view of the court below that the testimony of appellee is insufficient to establish indignities, but the court below committed error in concluding that the testimony of the two witnesses recited above supplied this deficiency to sustain the charge alleged. There is no question of credibility here involved, but merely an independent appraisal of the testimony as measured by the rule requiring a course of ill-conduct and ill-treatment rendering the condition intolerable and life burdensome. The evidence, when measured by that well-established principle, is wholly insufficient.

The court below gave no consideration to the fact that in 1944 the parties effected a complete reconciliation. While reconciliation is not a complete defense to an action based on indignities, yet it has been held to be a factor for consideration in evaluating the severity of the indignities charged: *Harding v. Harding,* 156 Pa. Superior Ct. 438, 443, 40 A. 2d 869. Cf. *Davidsen v. Davidsen,* 127 Pa. Superior Ct. 138, 191 A. 619.

An independent examination compels but one conclusion—that the charge of indignities has not been sustained. It is, therefore, unnecessary to consider whether appellee was an innocent and injured spouse.

Decree reversed; complaint dismissed.