## Steward v. Steward

*Harold R. Gill,* for plaintiff.

*Stephen J. McEwen,* for defendant.

SWENEY, J., December 10, 1951.—We have before us for consideration, after argument before the court en banc, a petition of defendant, praying that the record in the above matter be referred to the master for further testimony, allowing defendant to file an answer nunc pro tunc and to be heard in his own defense, because, defendant alleges, "the testimony of the plaintiff does not represent the truth, is distorted, unfair, scandalous and exaggerated and to permit the divorce to be obtained on the testimony given would

be prejudicial to the defendant in retaining his job with the postal authorities because of the high standards and personal qualities and personal habits required of postal authorities."

The facts, briefly stated, are that a complaint in divorce was filed by plaintiff on July 17, 1951. The ground alleged was "indignities." A copy of the complaint was served on defendant by the Sheriff of Philadelphia County on August 1, 1951. On August 27, 1951, a master was appointed to take testimony and a hearing was set for September 11, 1951, at 2 p. m. Defendant was given notice of this hearing by registered mail on August 30, 1951. No answer was filed and defendant did not appear at the hearing, either in person or by attorney. There is no allegation that the defendant did not receive adequate legal notice.

On October 11, 1951, the master filed his report, recommending a divorce and a copy was mailed to defendant giving him the right to file exceptions on or before November 5, 1951. No exceptions were filed but on November 5, 1951, counsel for defendant appeared and filed the present petition.

We feel that the rule allowed in connection with this petition must be dismissed. It is true, of course, that the State has an interest in all divorce matters, because of our belief that the home, as the basis of our civilization and way of life, must be protected. A divorce should never be granted without clear proof of imperious reasons: Russo v. Russo, 31 Del. Co. 268. However, a party may not fail to follow his legal remedies, after notice, and then complain that he has been unfairly and unjustly treated; nor may he use the interest of the State, in matters of this kind, as a reason for further proceedings, where he has failed to avail himself of his own rights.

Defendant argues that public policy dictates that this matter should be referred to the master and cites

several cases to support this position. We do not feel that the cases cited sustain his position. Cook v. Cook, 166 Pa. Superior Ct. 629, holds that a wife's testimony may be received by the master, although the wife had failed to file an answer; it further rules that the proper way to question the credibility of a witness is to request the master to reopen the testimony for further evidence; we see no bearing which this case has upon the case at bar. In Bonomo v. Bonomo, 123 Pa. Superior Ct. 451, the court held that failing to file an answer was not a bar to testifying before the master. The case of Glass v. Glass, 164 Pa. Superior Ct. 118, is not in point; here, the court held that although plaintiff made out a good case of "indignities," he was not entitled to a divorce because his wife had committed the indignities at a time when she was "distraught by disease and serious nervous disorder" and there was, therefore, no showing of that deliberate, insulting intent essential in such a case.

We call attention to Pa. R.C.P. 1135, which provides:

"No judgment may be entered for the plaintiff (in divorce matters) by default or on the pleadings, but the plaintiff should present evidence in support of the averments of the complaint in all cases."

This rule signifies the interest of the Commonwealth in divorce matters; ordinarily, failure to file an answer is the basis for judgment; but not in divorce—evidence must be produced to prove allegations which will support a decree and that evidence must be clear and convincing and must show compelling, imperious reason for a divorce.

When, as in this case, such testimony has been produced, plaintiff is entitled to a decree. A defendant may not wait to see what happens, dislike what he finds and, then, pray the court to exercise its discretion so that the matter may be retried.