Pore *v.* Pore, Appellant.

Argued April 15, 1959. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Ira B. Coldren, Jr.*, with him *Herman M. Buck*, and *Ray, Coldren & Buck*, for appellant.

*Samuel J. Feigus*, for appellee.

OPINION BY ERVIN, J., June 10, 1959:

The court below adopted the master's recommendation and granted the husband a divorce on the ground of indignities. The wife appealed.

The parties were married on June 25, 1953 and had one child, Kenneth Dale Pore, born May 10, 1954. The plaintiff was a crane operator for the Pittsburgh Steel Co. employed at their plant in Monessen, Pennsylvania. After the marriage the parties set up housekeeping at 805 Crest Street, Charleroi, Washington County, Pennsylvania, where they lived for a year and six months. They then moved to an apartment owned by the parents of the defendant-wife at 704 Lookout Street, Charleroi, where they lived together until October 11, 1957, when the husband left the common abode. The husband earned from $5,000.00 to $7,500.00 a year, often work-

ing two shifts of eight hours each in a single day. Until near the time of final separation he always brought home his pay checks and turned them over to the wife. She at first kept the money at home and then subsequently the parties opened a joint bank account from which either could withdraw funds. The husband never drew any money from the account and all the financial matters were handled by the wife. At the time of the final break-up, the wife withdrew all of the funds from the bank, aggregating approximately $4,500.00, and she has retained all of this money. She also retained substantially all of the furniture which the parties had used in their common abode. She had her husband arrested and thrown into jail on a nonsupport and desertion charge at a time when she had possession of the $4,500.00.

The husband testified that the wife continuously used vile language toward him, calling him such names as a "son-of-a-bitch," "whoremaster" and "trash"; that the wife falsely accused him of running around and not coming home when, as a matter of fact, he was working; that she gave him only $.25 a day for his expenses, $.20 of which he had to pay for toll to cross and recross the bridge from their home to his place of work, thus embarrassing him with his fellow-workers in that he could not treat them to hot meals at work as they treated him; that she refused to be sociable with his friends and relatives when they called at their home and ordered them out of the house and made it clear that she did not want such "trash" to come to visit at their home; she made the husband do many household chores, such as washing and drying dishes, changing the baby's diapers and cleaning the house, and insisted upon being waited upon hand and foot by her husband even though he was often working 16 hours a day; she falsely accused her husband both publicly and privately of unnatural con-

duct toward her and their infant child—publicly at a nonsupport hearing and privately to friends and relatives; she continuously nagged him and made life most miserable and unhappy for him. On several occasions the husband left the common abode for awhile and then returned and endeavored to start a new life but the quarrels and fighting were soon resumed.

Appellant argues that the plaintiff's case is based "almost solely on his own testimony" and that he has not met the burden of proving by sufficient credible evidence the charge of indignities to the person. A decree may be supported by the testimony of the plaintiff alone. The law has made the plaintiff a competent witness. Whether his testimony is credible is a question to be determined by the tribunal which is to pass upon the facts: *Koontz v. Koontz,* 97 Pa. Superior Ct. 70, 75. Where, however, the testimony of the libellant alone is contradicted and shaken by the respondent and where there are no convincing circumstances warranting a disregard of the contradictory evidence, a case has not been made out: Freedman, Law of Marriage and Divorce in Pa., 2d ed., §758, and cases therein cited; Sturgeon, Pa. Law and Procedure in Divorce, 3d ed., §878, and cases therein cited. In the present case the plaintiff was partially corroborated by the witnesses, Clarence Wendell Nichols and John Droater, friends of the plaintiff who visited the home of the parties and who were told by the wife that "she didn't need no sons-of-bitches visiting her home." She also called them "tramps," "trash," "whoremasters" and "sons-of-bitches" and made it very clear that she did not want them to visit her home and she did not want her husband to run around with them. The plaintiff was also corroborated by the testimony of Mrs. Lois Clay, his sister. She testified about an incident which took place on Thanksgiving Day 1955. She and two children

went to visit the Pores. Mrs. Pore told Mrs. Clay that she wanted her to go and actually threw the coat of Mrs. Clay's little boy out the door. Mr. Pore went out and got the coat and told his sister that he wanted her to stay. The sister asked her brother to take her home. He said he would take her and got his little boy's snow suit to take him along. Mrs. Pore didn't want their son to go along. A fight ensued, Mr. Pore endeavoring to take the child along for the ride and Mrs. Pore endeavoring to keep the child from going.

At the hearings the wife neither asserted nor withdrew the charge of unnatural conduct by the husband against herself and child. Her failure to deny this charge amounted to a reassertion of the charge: *Dommes v. Zuroski,* 350 Pa. 206, 208, 38 A. 2d 73; *Peters v. Shear,* 351 Pa. 521, 525, 41 A. 2d 556; *Croft v. Malli,* 378 Pa. 6, 12, 105 A. 2d 372. It was also corroboration of the fact that she had made such a charge. What was said by Judge KENWORTHEY in *Pearson v. Pearson,* 154 Pa. Superior Ct. 255, 256, 35 A. 2d 524, is especially applicable to the present case: "It is scarcely possible to think of an indignity more malicious, less pardonable than a wife's falsely proclaiming, not only to members of her husband's family, but to numerous strangers, that he is a sexual pervert. It completely over-shadows the many other indignities about which there is considerable testimony." See also *Walker v. Walker,* 109 Pa. Superior Ct. 539, 546, 167 A. 446. Accusations of immoral conduct have been recognized as indignities in many of our cases. See *Campbell v. Campbell,* 126 Pa. Superior Ct. 190, 196, 190 A. 536, and cases therein cited. In the absence of a jury trial we are required to consider all of the evidence and express an independent conclusion thereon: *Nacrelli v. Nacrelli,* 87 Pa. Superior Ct. 162, affirmed by the Supreme Court, 288 Pa. 1, 136 A. 228. However,

where the testimony of the parties is conflicting, the conclusion of the master and the judge who heard the parties will not be lightly disturbed on appeal: *Walker v. Walker,* supra, at p. 541. The court below had these parties before him a number of times in three separate proceedings for alimony, counsel fees and expenses during the two and one-half years in which this divorce action was pending and therefore had an excellent opportunity to observe them. In his opinion Judge BANE said: "Almost from the inception of this case we have been firmly convinced that the love, affection, devotion and respect, necessary and incidental to a successful marriage relationship, has long since departed." Our own independent reading of the testimony convinces us that Judge BANE's appraisal of the parties is a correct one and that his disposition of the case was proper.

Because of our disposition of the case on the merits it will be unnecessary for us to pass upon appellee's request for quashing of the appeal. We feel, however, that we should not permit to go unnoticed the highly improper attempt of appellant's attorney to add the two affidavits of I. C. Bloom, an attorney, and Joseph Wittkofski, a priest, to the record. By these affidavits the appellant, in this Court for the first time, has endeavored to make their testimony a part of the record. The affidavits could not have been offered below because of the hearsay rule and certainly they may not now be presented here. Of course we have not considered them.

Decree affirmed.