Kramer *v.* Kramer, Appellant.

Argued December 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*James P. Coho,* for appellant.

*William R. Howard,* for appellee.

OPINION BY RHODES, P. J., March 22, 1961:

This is an appeal by the defendant-wife from a decree awarding her husband an absolute divorce on the

ground of indignities to the person. The master recommended a decree. The court below dismissed exceptions to the master's report and entered a decree in favor of the husband.

Defendant's main contentions are that plaintiff did not establish the charge of indignities entitling him to a decree, and that she presented an adequate defense. On appeal we are obliged to review the record and make an independent investigation of the evidence to determine whether a cause for divorce has been established. *Rinoldo v. Rinoldo*, 125 Pa. Superior Ct. 323, 325, 189 A. 566; *Rankin v. Rankin*, 181 Pa. Superior Ct. 414, 418, 124 A. 2d 639.

Our independent consideration of the evidence discloses the following facts: The parties were married on October 9, 1948, and lived in Mount Joy, Lancaster County, until July 3, 1958, when defendant moved out of the common domicile. At the time of the marriage, plaintiff was a widower and had a daughter. No children were born of the present marriage. At the time of the hearings plaintiff was 48 years of age and defendant was 47. The indignities about which plaintiff complains allegedly began in 1950, when defendant made false statements to plaintiff concerning plaintiff's brother with the intent to create friction between plaintiff and his brother. At the time of the marriage, plaintiff's mother resided in their home; defendant mistreated the mother so that the latter was compelled to leave. This mistreatment of plaintiff and his family was corroborated by plaintiff's sister. The defendant, from 1950 to 1958, frequently found fault with plaintiff's conduct and habits, criticized him, nagged him, became enraged and repeatedly called plaintiff abusive names. Defendant admitted swearing at plaintiff, and charges of frequent profanity and foul language on the part of defendant were corroborated by witnesses for plaintiff.

In March or April, 1958, defendant, over plaintiff's objections, engaged a Frederick Leiberher, of Mount Joy, to do papering, painting, and repair work at the home of the parties. The work continued periodically until July, 1958, at a cost of over $800. To plaintiff's assertion that much of the work was unnecessary, defendant replied that he should "go to hell"; that she would do as she wished. Plaintiff's evidence showed that a close friendship developed between Leiberher and defendant; that the parties were frequently alone during the time Leiberher worked in their home, and that on two evenings plaintiff returned home unexpectedly from a lodge meeting about 10 p.m. and found Leiberher visiting with defendant. According to plaintiff, defendant ostensibly made visits to a hairdresser, on July 1 and 2, 1958, but was seen late each evening emerging from Leiberher's car. When accused by plaintiff of this conduct, defendant, in profane language, called plaintiff a liar. On July 3, 1958, defendant moved from their home and took many things that did not belong to her. Defendant thereafter lived in nearby places, including Mount Gretna. She admitted that from the time she moved out of the home until the time of the hearings she was very friendly with Leiberher; that Leiberher was a boarder at her separate home in Mount Gretna; and that he occasionally ate meals and slept overnight on the davenport at her home in Florin. These facts were substantially corroborated by the testimony of Leiberher himself. As stated by the court below in its opinion: "Defendant denied that she and Mr. Leiberher occupied the same room, but admitted that he was staying at the same house both while living at Mt. Gretna and Florin."

The Divorce Law expressly requires that, in order to constitute indignities to the person of the injured and innocent spouse, the acts charged must render his condition intolerable and his life burdensome. Act of

542

May 2, 1929, P. L. 1237, §10(f), 23 PS §10(f). To support a charge of indignities there must be evidence from which an inference of settled hate and estrangement may be deduced. *Moyer v. Moyer,* 181 Pa. Superior Ct. 400, 410, 124 A. 2d 632. A manifestation of settled hate and estrangement includes vulgarity, unmerited reproach, studied neglect, intentional incivility, manifest disdain, abusive language, and malignant ridicule. *Martin v. Martin,* 154 Pa. Superior Ct. 313, 317, 35 A. 2d 546. Conduct by defendant with respect to other men, although not sufficient to support a charge of adultery, may be considered as a form of personal indignities to the husband rendering his condition intolerable and life burdensome. *Lowe v. Lowe,* 148 Pa. Superior Ct. 439, 442, 25 A. 2d 781. Defendant's course of conduct demonstrated settled hate and estrangement toward plaintiff.

It is true that a part of the testimony relates to events occurring after the separation. Nevertheless, it is well established that, in a proceeding for a divorce on the ground of indignities, evidence of what occurred after the separation is relevant for the purpose of showing the conditions existing while the parties lived together. This is particularly true when the questioned relationship subsequent to the separation involves the same person as prior to the separation. *Smith v. Smith,* 157 Pa. Superior Ct. 582, 587, 43 A. 2d 371; *Vergoni v. Vergoni,* 175 Pa. Superior Ct. 522, 528, 107 A. 2d 144.

In a proceeding for divorce on the ground of indignities, it must clearly appear from the evidence that plaintiff was the injured and innocent spouse. *Moyer v. Moyer,* supra, 181 Pa. Superior Ct. 400, 411, 124 A. 2d 632. Although the burden of proving that he was the injured and innocent spouse is with the plaintiff, the law does not require that he be wholly free from fault. *Colin v. Colin,* 190 Pa. Superior Ct. 125, 133,

151 A. 2d 801. A careful examination of the record discloses that the complaints of defendant were generally provoked by her own action. We feel that plaintiff met the burden of proof resting upon him in this respect.

In her defense, defendant sets forth several incidents which she alleges to have been indignities to her person. The testimony indicates that any acts of misconduct attributed to the plaintiff were of a slight and infrequent nature, and were largely provoked by defendant's conduct toward plaintiff.

Defendant further assigns as error the ruling of the master in limiting the cross-examination of plaintiff's witness Joanne Kramer. The master properly sustained the objection by plaintiff's counsel to a question asking the witness Joanne Kramer for her opinion of testimony given by a previous witness. In any event, the excluded evidence was placed upon the record by the next question of defendant's counsel, which, as rephrased, properly dealt with Joanne Kramer's opinion based upon her own general observations.

The entire testimony is made up of contradictory charges and counter-charges. As in many divorce actions, the determinative factor here is the credibility of the witnesses. Although the master's report is only advisory, his report, particularly on the issue of credibility of the witnesses, is to be given the fullest consideration, as he has had the advantage of seeing the parties and hearing the testimony. *Wiley v. Wiley,* 125 Pa. Superior Ct. 547, 549, 190 A. 363; *Davidson v. Davidson,* 191 Pa. Superior Ct. 305, 311, 156 A. 2d 549.

From our independent study of the testimony we conclude that plaintiff has sustained the burden of proof, and that he is entitled to a divorce on the ground of indignities to the person.

The decree of the court below is affirmed.