## Simons, Appellant, v. Simons.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

reargument refused January 8, 1962.

Before O'BRIEN, J.

*Davis G. Yohe,* with him *Robert F. Burkardt,* and *Peacock, Keller & Yohe,* for appellant.

*David Turets,* with him *M. David Turets,* for appellee.

OPINION BY MONTGOMERY, J., December 14, 1961:

This is an appeal from an order refusing a divorce a.v.m. brought on alleged grounds of cruel and barbarous treatment and indignities to the person. The parties were married November 4, 1950, after which they lived in a house owned by the appellant's parents, who lived downstairs. On January 26, 1951 appellee entered St. Francis Hospital for three months. After her discharge she again resided with her husband until June 8, 1951 when she went to live with her mother. During 1952 the parties apparently got along well, but lived apart. On January 1, 1953 the parties again commenced cohabitation and moved into a house in Bethel Borough. Appellant's parents lived next door and owned both houses. On May 12, 1956 appellee attempted suicide by drinking rubbing alcohol and was hospitalized for four days. She was then committed to Woodville State Hospital as a mental patient and remained there until December 6, 1956 when she was released and returned to live with the appellant. The last date the parties lived together was March 26, 1957 when the

appellee re-entered Woodville Hospital where she remained until May 8, 1958 when she was again released and went to live with her brother.

The appellant first filed a complaint in divorce in the Court of Common Pleas of Allegheny County on September 24, 1951, and after service thereof and after the appellant had been ruled for a bill of particulars, the proceeding came to a standstill. In December of 1959 present counsel entered the case, and after the filing of a bill of particulars, hearings were held on April 8, 1960 and June 16, 1960. On June 7, 1961 an order was filed by the lower court refusing the divorce.

Appellant alleges that the appellee had made unprovoked attacks on him with a knife on at least two occasions. The appellant and his mother both testified that on one occasion the appellee attempted to suffocate the appellant. These acts or threats to do bodily harm were accompanied by verbal threats by the appellee that she intended to kill the appellant. These alleged acts of cruelty were all denied in full. Appellant also alleges refusal by the appellee to have sexual relations.

It is true, as the appellant contends, that a single act of cruelty may be so severe and with such attending circumstances of atrocity as to justify a divorce. *Eberly v. Eberly,* 154 Pa. Superior Ct. 641, 36 A. 2d 729. Cruel and barbarous treatment within the statute making such treatment a ground of divorce implies a merciless and savage disposition leading to conduct amounting to actual personal violence, or creating a reasonable apprehension thereof, so as to render further cohabitation dangerous to physical safety. *Rankin v. Rankin,* 181 Pa. Superior Ct. 414, 124 A. 2d 639; *Knaus v. Knaus,* 173 Pa. Superior Ct. 111, 95 A. 2d 358. Where the husband remains in the same home with the wife, the charge of the husband that the wife was guilty of cruel and barbarous treatment entitling him to a di-

vorce is refuted, since if the husband feared for his physical safety at the hands of the wife, he would not have shared the common home with her. *Oliver v. Oliver*, 172 Pa. Superior Ct. 600, 94 A. 2d 124.

Refusal to have sexual relations does not constitute cruel and barbarous treatment, nor do mere threats, if there is no move made, or no ability, to carry out the threat. The alleged choking and stabbing incidents were said to have taken place in 1951, the same year the appellee was hospitalized for two months with a goiter condition, and, according to her uncontradicted testimony she was underweight at this time. In view of the substantial difference in size and weight of the parties, her undenied weakened condition and sickness during 1951, the refusal of the appellant's mother to corroborate the alleged stabbing incident even when pressed by her son's attorney, and the uncontradicted fact of extended cohabitation by the parties following the alleged attacks, the lower court was well within its discretion in disbelieving the testimony of appellant.

In order to revive these alleged mistreatments, appellant attempted to establish a second stabbing incident on May 11, 1957, but on redirect examination by his own attorney he corrected the date when it developed that the appellee had been in the hospital on the date first chosen. Here again the lower court, who saw and heard the witness, would be justified in disbelieving the self-contradictory testimony of the appellant. It is clear that the evidence presented does not substantiate the charge of cruel and barbarous treatment as will entitle the appellant to a divorce.

Indignities justifying the granting of a divorce cannot be defined generally, but must depend on the particular circumstances of each individual case and the position in life, character, and disposition of the parties, and is recognized as a course of conduct which is humiliating and degrading to the innocent spouse.

*Uhlinger v. Uhlinger,* 169 Pa. Superior Ct. 574, 83 A. 2d 423. Isolated outbursts by a spouse at infrequent intervals do not establish a course of conduct as contemplated by the divorce law. The alleged conduct must constitute a plain manifestation of settled hate and estrangement. *Kramer v. Kramer,* 194 Pa. Superior Ct. 538, 168 A. 2d 624; *Faszczewski v. Faszczewski,* 182 Pa. Superior Ct. 295, 126 A. 2d 773.

Refusal to have sexual relations is not such a course of conduct as to constitute indignities. *McGuigan v. McGuigan,* 178 Pa. Superior Ct. 176, 112 A. 2d 440; *Rausch v. Rausch,* 146 Pa. Superior Ct. 342, 22 A. 2d 221.

Where a person's acts stem from mental illness, such conduct will not support the granting of a divorce. A person, because of physical or mental condition, may be irritable and may spontaneously say and do mean and contemptible things, and if such conduct is caused by the physical or mental condition of the party, then they are excusable in a divorce action on the grounds of indignities to the person on the theory that such conduct lacks the spirit of hate, estrangement, and malevolence which is the heart of the charge. *Manley v. Manley,* 193 Pa. Superior Ct. 252, 164 A. 2d 113; *Moyer v. Moyer,* 181 Pa. Superior Ct. 400, 124 A. 2d 632.

A review of the appellant's testimony reveals only a very few instances of reprehensible conduct which might constitute indignities and which were corroborated by testimony other than that of the appellant. With only one exception, all these occurred prior to 1953. While reconciliation is not a complete defense to a suit for divorce based on indignities, it is a factor to be considered in evaluating the severity of the indignities charged. *Hahne v. Hahne,* 168 Pa. Superior Ct. 324, 77 A. 2d 682.

Furthermore, it appears from the appellee's testimony that the appellant was not the innocent and injured spouse. Appellee testified that several times in 1951 and again in 1954, 1955, and 1956 she was beaten by the appellant; that he or his parents changed the lock, locking her out of the apartment; that he made insulting remarks concerning her appearance and her stay at Woodville; that he drove her to attempt suicide; that he used abusive language and forcibly ejected her stepfather from their home. It has frequently been held that where both parties are nearly equally at fault, so that neither can clearly be said to be the injured and innocent spouse, the law will grant a divorce to neither on the ground of indignities to the person, but will leave them where they put themselves. *Albrecht v. Albrecht,* 176 Pa. Superior Ct. 626, 109 A. 2d 209; *Oliver v. Oliver,* supra.

In a divorce action in the absence of a jury trial, the Superior Court is required to consider all the evidence and express an independent conclusion thereon. However, where the testimony of the parties is conflicting, the conclusion of the lower court, who heard the parties, will not be lightly disturbed on appeal. *Pore v. Pore,* 189 Pa. Superior Ct. 615, 151 A. 2d 650. From our complete review of the record we agree with the court below that the appellant has failed to substantiate his allegations by sufficient evidence of such conduct as to constitute either cruel and barbarous treatment or indignities to the person.

Decree affirmed.