## Benscoter, Appellant, *v.* Benscoter.

Argued December 12, 1962. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Patrick H. Fierro*, with him *Anthony D. Miele,* and *Fierro & Miele,* for appellant.

*Kenneth B. Lee,* for appellee.

OPINION BY ERVIN, J., March 19, 1963:

In this case the husband filed a complaint in divorce a.v.m. on the ground of indignities to the person. The master recommended that a divorce be granted; however, the court below, after reviewing the matter, dismissed the complaint. This appeal by the husband followed.

Upon appeal from a decree in a divorce proceeding heard before a master, it is the duty of the appellate court to make an independent investigation of the evidence in order to determine whether in truth it does establish a legal cause for divorce: *Zirot v. Zirot,* 197 Pa. Superior Ct. 124, 177 A. 2d 137. We have accordingly reviewed the entire testimony and record in this case and have arrived at an independent conclusion that the husband is not entitled to a divorce a.v.m.

The parties were married on August 21, 1946 in West Nanticoke, Pennsylvania. Four sons were born as a result of the marriage. Richard was born January 22, 1948; Kenneth was born March 15, 1950; Wayne

was born November 22, 1952 and Garey was born December 28, 1957. At the time of the hearing in January 1962 the plaintiff was 39 years of age and the defendant was 37 and she was suffering from multiple sclerosis.

The main indignity of which the husband complains is that the wife expressed her disappointment in failing to have a female child and that she verbally abused him and blamed him for this failure. The wife's alleged misconduct was sporadic in nature and did not constitute a course of conduct as required by law: *Simons v. Simons*, 196 Pa. Superior Ct. 650, 176 A. 2d 105. It must be pointed out that the parties lived together for 15 years and it was not until August of 1961 that the plaintiff complained about the defendant. Therefore, the plaintiff's condition could not have been as intolerable nor his life so burdensome as he now alleges: *Moyer v. Moyer*, 181 Pa. Superior Ct. 400, 124 A. 2d 632; *Cunningham v. Cunningham*, 119 Pa. Superior Ct. 380, 181 Atl. 458.

In August of 1958 the defendant-wife was stricken with the incurable disease, multiple sclerosis. As a result of this disease she has double vision, slurred speech, weakness of the muscles and she cannot walk without the assistance of another person or a cane. She falls down frequently. She lost weight and at the time of the hearing weighed only 86 pounds. She is subject to the frustrations that are attendant to this progressive disease. Even the plaintiff testified that in September of 1961 the defendant attempted to commit suicide three times. These circumstances cannot be blindly disregarded. Ill health both explains and excuses a wife's conduct and the acts of a spouse resulting from ill health do not furnish a ground for divorce: *Albrecht v. Albrecht*, 176 Pa. Superior Ct. 626, 109 A. 2d 209.

During the summer of 1961 the defendant noticed that the plaintiff was taking more pride in his appear-

ance, shaving every other day, using deodorants and changing clothes more frequently. Defendant's suspicions of another woman were aroused when she found prophylactics in the plaintiff's wallet and stains on his underclothes. Plaintiff offered a unique explanation of the presence of the prophylactics by stating that as game commissioner he used them for making turkey calls. The evidence clearly is that the plaintiff did accompany the other woman while trapping wild game and that he went swimming with her. We agree with the court below that plaintiff's interest in the other woman was above and beyond the call of duty. While the defendant was not able to prove adultery, certainly, under such circumstances, her suspicions were not unfounded. It was incumbent upon the plaintiff to show clearly and indubitably his status as the injured and innocent spouse: *Barnes v. Barnes,* 181 Pa. Superior Ct. 427, 124 A. 2d 646. We do not believe that the plaintiff was the innocent and injured spouse.

The parties to a marriage take each other for better or for worse, in sickness and in health: *Moyer v. Moyer,* supra. The conclusion is inescapable that the plaintiff did not become dissatisfied with his wife until she became ill with multiple sclerosis. He cannot now discard her.

Decree affirmed.