

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 15, 1966

Honorable C. H. Cavness
State Auditor
Sam Houston Building
Austin, Texas

Opinion No. C-610

Re: Expenditure by institutions
of higher learning of income
on short term investments of
certain restricted funds.

Dear Mr. Cavness:

Your request for an opinion on the above subject matter
reads as follows:

"The Staff of the Coordinating Board,
Texas College and University System, joins
me in respectfully requesting your Opinion
as to the legality of using certain funds
at some of the State's Institutions of High-
er Learning for the purpose of supplementing
the salaries of their presidents. The funds
about which we are concerned are from sources
other than State appropriations, and are com-
posed of income from various funds the uses
of which are restricted to some certain pur-
poses by their payor sources. In particular,
this income is from interest earned on time
deposits or short term investments of restrict-
ed funds over which the payor's instructions
are silent as to the disposition of any such
earnings. We are not satisfied as to whether
or not these undesignated earnings on restrict-
ed funds inherit a restrictive character which
would limit their use to the same purposes as
that of their principals, and thus prevent
their use for the supplementing of any line-
item salary appropriations that have been au-
thorized in the Appropriation Acts.

"Provisions of Article No. 2654d, V.C.S.,
and of parts of the current Appropriation Act
(H.B. No. 12, 59th Legislature) deal with

institutional local funds. The supplementing, with such funds, of any salaries beyond amounts fixed in the Legislative appropriations of funds in the State Treasury is prohibited, but the restricted funds income can be so used since they are handled through local bank accounts in view of the fact they are exempt from being deposited in the State Treasury.

"It is mentioned that in all instances this salary supplementing being done is with the approval of the respective governing boards, and that so far as we know everything is in order in this connection if the use of the earnings described above is legal. Your Opinion on that question will be appreciated very much."

The governing boards of the respective institutions named in Article 2654d, Vernon's Civil Statutes, are authorized to select depository banks and to place certain monies on deposit with said depository banks, provided said depositories pay interest on said deposits at a rate to be agreed upon by said depositories and the governing boards.

Sections 3 and 8a of Article 2654d, Vernon's Civil Statutes, read as follows:

"Sec. 3. Separate accounts shall be kept on the books of the respective institutions showing the sources of all sums collected, and the purposes for which expended. All trust funds handled by the governing bodies of such institutions shall be deposited in separate accounts and shall not be commingled with the general income from student fees or other local institutional income, and all such trust funds shall be secured by separate bonds or securities."

"Sec. 8a. No part of any of these funds shall ever be used to increase any salary beyond the sum fixed by the Legislature in the appropriations bill, and this law shall be subordinate and subservient to the biennial appropriation bills for the support of the several institutions herein mentioned."

Generally, in the event that the corpus of a testamentary trust produces surplus income for which no provision has been

made directing either its distribution or accumulation, such income will be accumulated and will be distributable as a part of the corpus. Stoffels v. Stoffels, 18 N.J. Super. 300, 86 A.2d 806 (1952); Tobler v. Moncrief, 72 N.J. Super. 48, 178 A.2d 105 (1962). Thus, it was held in Moore v. Sanders, 106 S.W.2d 337 (Tex.Civ.App., 1937):

> "The general rule is well settled that, where trust money cannot be applied either immediately or within a short time to the purposes of the trust, it is the duty of the trustee to make the trust productive to the cestui que trust by investment of it in some proper security, and a duty to invest arises by necessary implication from direction to pay over the interest or income."

The same rule applies to the interest earned by deposit of special funds. It was held in Lawson v. Baker, 220 S.W. 260, 272 (Tex.Civ.App. 1920, error ref.):

> ". . . Interest, according to all the authorities, is an accretion to the principal fund earning it, and, unless lawfully separated therefrom, becomes a part thereof. We think it is clear that the interest earned by deposit of special funds is an increment that accrues to such special fund, and any attempt of the Legislature to make such interest a part of the general revenue is futile, in the face of the constitutional provisions creating or dedicating these funds to special purposes."

Therefore, in the event no provision has been made directing distribution of income, it is our opinion that income derived from interest on time deposits or short term investments of restricted funds becomes a part of the restricted funds and can be expended only for the purposes for which the restricted funds may be expended. You are accordingly advised that, under the facts submitted in your request, the salaries of presidents of institutions of higher learning cannot be supplemented with funds derived as income from interest on "restricted" funds named in Article 2654d, Vernon's Civil Statutes.

## SUMMARY

Income derived from interest on time deposits or short term investments of restricted funds becomes a part of the

restricted funds and can be expended only for the purposes for which the restricted funds may be expended, unless specific provision is made for distribution of income, and may not be expended for the purpose of supplementing salaries.

Yours very truly,

WAGGONER CARR
Attorney General

By _John Reeves_
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
Paul Phy
Roy Johnson
Phillip Crawford

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright